IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RAYMOND L. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-1074-SSA-CV-W-WAK |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Claimant Raymond Anderson seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on August 31, 2001. The parties' briefs were fully submitted, and on July 1, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Raymond Anderson was born in 1962 and previously worked as a concrete finisher, a truck driver, hostler and pizza deliverer.  He was injured on the job and required back surgery for the injury.  He claims his back condition has worsened and that as a result, he is disabled.

The medical records clearly document claimant's back condition.  Several specialists have offered claimant the option of fusion or other surgery, but Anderson has declined the surgery because of the possible severe risks involved.  He previously had surgery and claims his

pain is now worse than before the surgery. Documents from The Spinal Institute of Kansas City state "a lumbar MRI scan dated 7/29/03 reveals collapse and a previous laminectomy about L5-S1. There is a left eccentric disc protrusion contacting and displacing the left descending S1 nerve root." (Tr. at 258.) At one point, epidural injections were tried, but did not bring relief.

An independent medical evaluation was performed by Dr. P. Brent Koprivica in connection with claimant's former worker's compensation claim. Dr. Koprivica opined that claimant had postural limitations, a necessity to lie down on a daily basis for pain management, and an ongoing need to limit himself to a sedentary physical demand level. Other documents from other clinics and physicians also substantiate claimant's impairment.

Thus, the records clearly document claimant's pain, a medical condition for the pain, and an expectation that the pain will continue unless surgery can correct it. He is on what appears to be a narcotic pain medication.

The Administrative Law Judge (ALJ) found claimant's testimony to lack credibility because not supported by the record as a whole. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Id.

In this case, the ALJ's credibility decision is not adequately supported by the record. The medical evidence clearly indicates claimant has severe pain, that his physical condition may require additional surgery, and that there is a medical need for postural limitations and pain management techniques. Claimant's failure to complete physical therapy and to permit a consultative examination appear to have been attributable to a former attorney, and not related to claimant's actual physical condition.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

3

Dated this 13th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4